**Hem Chandra SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–73914.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 17, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Laurie A. Snyder, Attorney, DOJ—U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

Before ALARCÓN, HALL and PAEZ, Circuit Judges.

## MEMORANDUM **

Hem Chandra Singh, an ethnically Indian native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") order denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000), and we deny the petition for review.

▮ The BIA's conclusion the harm that Singh suffered at the hands of native Fijians does not rise to the level of past persecution on account of his ethnicity is supported by substantial evidence. *See Singh v. INS*, 134 F.3d 962, 969 (9th Cir. 1998) (holding that the evidence that asylum applicant's house was stoned, native Fijians loitered in his yard, and his daughter's friend was raped, did not amount to past persecution). Furthermore, substantial evidence supports the BIA's decision that Singh does not have a well-founded fear of persecution from native Fijians because his family continues to live unharmed in Fiji. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001) (holding that a well-founded fear claim is undercut if family members who are similarly situated continue to reside unharmed).

▮ Finally, even if the harm suffered by Singh in 1987 at the hands of the

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

military amounts to past persecution on account of his political opinion, the government rebutted the presumption of a well-founded fear by demonstrating changed circumstances, namely that Singh ceased to be a member of a trade union in 1995. *See* 8 C.F.R. § 208.13(b)(1)(i)(A).

Because Singh failed to establish eligibility for asylum, he fails to meet the more stringent standard for withholding of removal. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). Substantial evidence also supports the BIA's denial of CAT relief because Singh failed to show that it is more likely than not that he would be tortured if returned to Fiji. *See id.*

**PETITION FOR REVIEW DENIED.**